**Guillermo GIL, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 04–1310–CV.**

United States Court of Appeals, Second Circuit.

June 3, 2005.

Guillermo Gil, for Appellant, pro se.

Orelia E. Merchant, Assistant United States Attorney (Steven Kim, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellees, of counsel.

PRESENT: MESKILL, NEWMAN and CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff Guillermo Gil, acting *pro se,* appeals from the December 31, 2003 Judgment of the District Court. He seeks review of the December 14, 2003 Order of the District Court adopting the August 20, 2003 Report and Recommendation of Magistrate Judge Lois Bloom, which in turn recommended that the Government's motion for summary judgment be granted.

On or about January 19, 2000, agents of the United States Customs Service arrested plaintiff at his residence for importation and distribution of heroin. At the time of arrest, the agents seized two computers and a box containing miscellaneous documents and photographs. Plaintiff pleaded guilty, and on May 4, 2001 he was sentenced to two concurrent terms of 151 months' imprisonment. Plaintiff's conviction and sentence were affirmed by this Court on June 11, 2002. By that time, the property seized from defendant, which had been stored in a safe located at Six World Trade Center in New York City, was destroyed by the terrorist attacks of September 11, 2001.

Plaintiff sought return of his property pursuant to Federal Rule of Criminal Procedure 41(g),[1] but since he did so after his

---

1. At the time of plaintiff's request, Rule 41(g) was designated as Rule 41(e). The current rule, which did not substantively change from its earlier incarnation, *see Adeleke v. United States,* 355 F.3d 144, 146 n. 1 (2d Cir.2004), provides:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual

criminal case was terminated, the District Court deemed his request to be a civil action. The Government then moved for summary judgment. In the August 20, 2003 Report and Recommendation, Magistrate Judge Bloom noted that a plaintiff whose property was lost or destroyed by the government may seek an equitable money damages award, but that our Court has not settled whether sovereign immunity bars such an award. The Magistrate Judge held that, in any event, summary judgment should be granted in the Government's favor because plaintiff had not raised any material fact to establish that it was the Government's actions that caused his property to be lost or destroyed. The District Court adopted the Magistrate Judge's recommendation in its Order dated December 18, 2003.

We affirm the decision of the District Court, but on a different ground. *See Patricia Hayes & Assocs. v. Cammell Laird Holdings U.K.*, 339 F.3d 76, 80 n. 2 (2d Cir.2003) ("[I]t is well established that this Court may ... affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.") (internal quotation marks and citation omitted). Approximately one month after the District Court's order, our Court resolved the sovereign immunity question noted by the Magistrate Judge. In *Adeleke v. United States*, 355 F.3d 144, 147 (2d Cir.2004), we held that "sovereign immunity bars a federal court from ordering the United States to compensate for property that cannot be returned pursuant to Rule 41(g)." Although we continue to "recognize federal equitable jurisdiction to order the return of property pursuant to Rule 41(g) even after the conclusion of criminal

proceedings," *Adeleke* "clarif[ied] that such equitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return." *Id.* at 151. Therefore, plaintiff's equitable claim for money damages pursuant to Rule 41(g) was properly dismissed.

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

---

issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose

reasonable conditions to protect access to the property and its use in later proceedings.